# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONTEMPT OF SALMA AGHA-KHAN,<br><br>Plaintiff, | 1:17-MC-022-LJO<br><br>**ORDER REQUESTING PROSECUTION BY UNITED STATES ATTORNEY'S OFFICE**<br><br>**Trial: Monday, July 24, 2017, 1:30 pm** |

On May 16, 2017, Salma Agha-Khan was ordered to appear on June 26, 2017, at 1:30 p.m. The hearing was set to decide the following issues: (1) the initial Order to Show Cause re Criminal Contempt; (2) Dr. Agha-Kahn's repeated failure to appear; and (3) Dr. Agha-Kahn's ex parte motion to, among other things, disqualify the undersigned. ECF No. 34. The order expressly stated Dr. Agha-Kahn's failure to appear at the June 26, 2017, hearing would result in the issuance of a no bail warrant. *Id*.

On June 26, 2017, at 1:31 p.m., a female purporting to be Dr. Agha-Kahn left a voice mail message with the Court indicating she would *not* appear personally for the 1:30 p.m. hearing, stating her belief the hearing had been "dismissed", noting she was unable to retain counsel. This phone message confirms Dr. Agha-Kahn's knowledge of the time and date for the hearing, and directly contradicts her statement she believed the hearing had been cancelled.

At 1:40 p.m., the scheduled hearing was held, and Dr. Agha-Kahn failed to appear personally in direct contravention to the May 16, 2017 order setting the matter for hearing. The Court noted this failure to appear on the record and stated a no-bail warrant for Dr. Agha-Kahn's arrest would issue. Under 18 U.S.C. § 401, this Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its

1

presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Plaintiff's willful, repeated failure to appear without excuse constitutes criminal contempt. *See U.S. Bank Nat'l Ass'n as Trustee v. Garcia*, No. CIV S-10-1623 LKK/GGH PS, 2010 WL 4365556, at *2 (E.D. Cal. Oct. 27, 2010) (citing *In re Allis*, 531 F.2d 1391, 1392 (9th Cir. 1976)).

Under Federal Rule of Criminal Procedure 42(a), "[a]ny person who commits criminal contempt may be punished for that contempt after prosecution on notice." The Rule permits the Court to issue an "arrest order," giving the defendant notice stating the time and place of trial, allowing the defendant reasonable time to prepare a defense, and stating the essential facts constituting the charged criminal contempt and describing it as such. *Id*. The Rule also requires appointment of an attorney to prosecute the case. *Id*.

Pursuant to Federal Rule of Criminal Procedure 42(a)(2), the Court requests that the U.S. Attorney's Office for the Eastern District of California prosecute Plaintiff's multiple instances of failing to appear as criminal contempt of court. A trial date has been set for **July 24, 2017 at 1:30 pm in Courtroom 4 (LJO)**. The Court requests that the U.S. Attorney's Office inform the Court by **July 14, 2017** whether it will prosecute this case.

IT IS SO ORDERED.

Dated: __**June 27, 2017**__  __/s/ Lawrence J. O'Neill__
UNITED STATES CHIEF DISTRICT JUDGE